NEW JERSEY MISCELLANEOUS REPORTS. 357

N. J. Supreme Court, Essex Circuit—Green v. Liverpool, &c., Co.

NEW JERSEY SUPREME COURT, ESSEX CIRCUIT.

ABRAHAM GREEN

*v.*

LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY.

[Decided May 21st, 1923.]

**Insurance—Contracts of—Cancellation of Policy—Due Notice.**

On action at law.

Before WORRALL F. MOUNTAIN, J., and a jury.

*Mr. John W. McGeehan, Jr.,* for the plaintiff.

*Messrs. Edward M. & Runyon Colie* (by *Mr. Richard Hartshorne*), for the defendant.

A jury is called and sworn.

*Mr. McGeehan* opens for the plaintiff.

*Mr. Hartshorne* opens for the defendant.

Mr. Hartshorne—The plaintiff and defendant in this case have agreed to a stipulation and state of facts as the basis for the determination of the issue in this case. I would ask that the stenographer read them.

The stenographer reads as follows: "The following stipulation and agreed state of facts is agreed to by the plaintiff and the defendant as the basis for the determination of the issue in this case.

"1. The defendant, on or about March 24th, 1921, issued and delivered to the plaintiff a policy in evidence as *Exhibit P1.*

"2. The plaintiff, on and before said date, was the owner of the automobile described therein which, subsequently to the delivery of said policy and on or about December 31st, 1921, while the same remained in his possession, was stolen and due notice thereof given to the defendant company. On said date the term of the policy had not yet expired.

"3. On June 15th, 1921, defendant company duly mailed to Mr. Abraham Green, 149 Van Houten street, Paterson, New Jersey, its formal signed notice in evidence as *Exhibit D1.* Said notice was not received by plaintiff but was returned to the defendant by the postal authorities, subsequent to July 11th, 1921, undelivered, being marked by the postal authorities 'return to writer, unclaimed.'

"4. Plaintiff does not dispute defendant's right to cancel the policy in accordance with its terms on June 15th, 1921, but claims that no notice was given to plaintiff under the policy.

"5. The defendant, after the return of the letter of notice, made no further effort to locate and give actual notice to the assured and the plaintiff at this time was a resident in the city of Newark, with a telephone listed in the telephone book and his address was known to one Sofman, who was the broker with whom the assured had dealings in placing the policy, which Sofman placed the policy through a broker, Knopf, with the defendant company. The defendant company did not know Sofman in the matter, knowing only Knopf as the broker, and never inquired of the broker, Knopf, the address of the assured, but gave Knopf notice of its intention to cancel the policy unless the premiums were paid.

"6. Defendant company never received any portion of its premium, but plaintiff paid Sofman $92.07 before the cancellation notice was mailed and $50 thereafter, but previous to the loss."

The Court—That is the case?

Mr. McGeehan—Yes, your Honor.

The Court—Do you wish to argue it?

Mr. McGeehan—Well, will your Honor decide the motion for the direction of a verdict?

The Court—Yes.

Mr. McGeehan—Then, I think, the argument should be by the defendant, as that is the plaintiff's case.

(Counsel argue.)

The Court—This insurance policy is a contract between Abraham Green and the Liverpool and London and Globe Insurance Company. I have not examined the other conditions of this contract, but I confine my attentions to the paragraph under "cancellations." The paragraph is unusual because it is clear. The terms of many of the insurance policies that come before this court are so ambiguous and involved that it leads the court to suspect that it is done purposely so that the policyholder will not know what he is getting. This is not the case with this policy.

The reason there are no cases to be found by counsel in point with this case, is because the contract expressed what the parties intended it to express, and in plain English. It says: "It shall be canceled at any time by the assured or by the company by giving five days' notice of such cancellation." The courts of this state have held that any sort of a notice, either written or oral, indicating the definite and unequivocal determination by the company to cancel it, is sufficient, but it must be communicated further to the assured.

This policy provides how the notice shall be given, in plain English, as follows: "Notice of cancellation shall be mailed to the address of the assured stated in the policy." His address is in here and his name is here, "shall be sufficient notice," and that is all there is to it.

Gentlemen of the jury, I direct that you bring in a verdict in favor of the defendant and against the plaintiff.

Plaintiff's counsel prays an exception to this ruling of the court.

Exception noted as ground of appeal.